**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                     Criminal Case No. 99-CR-80796-3
                                                       Civil Case No. 07-CV-12659

LARONE COOK,

    Defendant,

_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE"**

On April 27, 2007 a jury found Defendant Larone Cook guilty of various counts of criminal conspiracy and violations of anti-racketeering laws. He now brings a motion, filed on June 21, 2007 and pursuant to 28 U.S.C. § 2255, raising various arguments and requesting re-sentencing. The government responded on August 8, 2007. For the reasons stated below, the court will deny the motion.

**I.  STANDARD**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect

1

which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II. DISCUSSION

### A. Arguments Already Raised on Direct Appeal

The court will summarily deny part of Defendant's first ground for relief and reserve the rest for further discussion. Defendant advances three arguments in his first ground for relief:

> (1) ineffective assistance of counsel for failing to move to dismiss conviction of racketeering act 14
> (2) dismissal of a sleeping African-American juror
> (3) denial of due process based on lack of "fair warning" of a prosecution argument.[1]

(Def.'s Mot. at 4, Ex. 1 at iv-v.) Defendant's second and third arguments were already presented and rejected on appeal. Indeed, Defendant's motion relies upon what appears to be a copy of a portion of the brief he submitted on his first direct appeal. In an unpublished decision, the Sixth Circuit denied each substantive challenge to Defendant's conviction. *United States v. Cook*, 124 F. App'x 367, 372-76 (6th Cir. Feb. 24, 2005) ("*Cook I*").[2] Defendant is not permitted in a collateral attack of his conviction

---

[1]The court will discuss ineffective assistance of counsel below.

[2]Defendant's sentence, however, was vacated and remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which was decided while Defendant's appeal was pending. *Cook I*, 124 F. App'x at 368. As discussed below, the Sixth Circuit subsequently affirmed this court's *Booker* re-sentencing. *United States v. Cook*, 453 F.3d 775 (6th Cir. 2006) ("*Cook II*").

2

to raise an issue that was decided on direct appeal. See e.g. *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974); *United States v. Vanbuskirk*, 343 F.2d 158 (6th Cir. 1965). Defendant's arguments concerning the dismissed juror and the prosecutor's argument are therefore rejected.

### B. *Booker* Challenge

Defendant argues that this court at re-sentencing failed to follow the mandate of the Sixth Circuit and made unconstitutional findings of fact. (Def.'s Mot. at 5.) For the reasons stated above, the court will deny Defendant's attempt to reargue his *Booker* challenge, which the Sixth Circuit denied in *Cook II*. According to the Sixth Circuit:

> Here, relying on the record, the District Court properly calculated the defendant's guidelines range. It then sentenced Cook to a term on incarceration below the bottom end of that range, implicitly acknowledging the now advisory nature of the guidelines. Thus, there was no error here and the Defendant's sentence shall be AFFIRMED.

*Cook II*, 453 F.3d at 777. Therefore, Defendant may not relitigate this issue in a collateral attack on his conviction. *See Stephan*, 496 F.2d at 528-29; *Vanbuskirk*, 343 F.2d 158.

### C. Ineffective Assistance of Counsel

Finally, Defendant claims he received ineffective assistance of trial counsel for failure to move for directed verdict of counts that were not proven. (Def.'s Mot. at 6-7.)[3] The court sees no basis for concluding that Defendant has met the applicable standards of deficient performance by counsel and prejudice as articulated in *Strickland v.*

---

[3] The Sixth Circuit stated that nothing in the record would assist it in determining Defendant's claim of ineffective assistance of trial counsel and therefore it would not consider the issue. *Cook I*, 124 Fed. App'x at 376. As explained below, however, other areas of analysis in *Cook I* inform this court's analysis of the issue.

3

*Washington*, 466 U.S. 688, 687 (1984). Defendant's trial counsel moved for directed verdict at the close of the government's proof, but his counsel failed to join in the same motion with two co-defendants following the close of Defendants' proofs and the discharge of the jury. *Cook I*, 124 F. App'x at 373. The Sixth Circuit commented on the issue in the course of its analysis of Defendant's sufficiency of the evidence challenge.[4] The Sixth Circuit adopted the reasoning of a previous panel that already rejected the same arguments brought by the co-defendants. *Id.* at 374. The Sixth Circuit then noted where Defendant's argument on appeal diverged from that of his co-defendants, concluding in the end that a different outcome was still not warranted. *Id.* at 374-75.

> [A]ny rational juror could have found beyond a reasonable doubt that Cook committed armed robbery, and certainly, his RICO convictions do not represent a miscarriage of justice.
>
> Indeed, an even more important point (because it makes the preceding analysis moot) is the fact that even if there were insufficient evidence to support the jury's finding that Cook committed Racketeering Act 14, this error would not warrant reversal of Cook's substantive RICO conviction, since the jury found beyond a reasonable doubt that Cook committed two other predicated acts (Racketeering Acts 18A and 18B). For all of these reasons, Cook's arguments that the evidence is insufficient to support his RICO convictions are invalid.

*Id.* at 375. Importantly, the Sixth Circuit twice stressed that this court opined that even if Cook had joined in the timely motion for directed verdict, it would have failed on the merits just as that of a co-defendant had. *Id.* at 375 n.8, 376 n.10. Nothing in the instant motion changes this court's conclusion that such a motion would have been futile. Accordingly, even if Defendant can demonstrate deficient performance, he

---

[4]Because the issue was not preserved for appeal, the Sixth Circuit reviewed it under the manifest miscarriage of justice standard. *Cook I*, 124 F. App'x at 373.

4

cannot meet the prejudice requirement of *Strickland*. 466 U.S. at 687. His claim of ineffective assistance of trial counsel therefore lacks merit.

## III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Dkt. # 356] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522